IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| ASN INVESTMENTS, LLC | : | |
| | : | |
| | : | |
| Debtor. | : | Case No. 25-14054 (DJB) |

### DEBTOR'S MOTION FOR ORDER AN ORDER TO (a) PERMIT USE OF CASH COLLATERAL; (b) PROVIDE ADEQUATE PROTECTION TO PARTIES WITH INTEREST IN CASH COLLATERAL; and (c) PERMIT TURNOVER OF CASH COLLATERAL TO THE DEBTOR

### AND

### (d) REQUEST FOR AN EXPEDITED HEARING ON SUCH MOTION

ASN INVESTMENTS, LLC., (the "Debtor" or "ASN") by and through its proposed undersigned counsel, Center City Law Offices, LLC hereby files this Joint Motion for Order (a) To Permit Use of Cash Collateral; (b) Provide Adequate Protection to Parties with Interest in Cash Collateral; (c) Permit Turnover of Cash Collateral to Debtor; and (d); Request for an Expedited Hearing on both Motions; and in support thereof, avers as follows:

### BACKGROUND

1. Debtor herein filed an Amended Petition for protection under Chapter 11 of Title of 11, of the United States Bankruptcy Code on OCTOBER 6, 2025. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor remains in possession of its property.

2. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C §§157 and 1334. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of this case is proper in this district pursuant to 28 U.S.C. §§1408

and 1409.

3. Debtor is a Pennsylvania corporation in the business of owning and renting residential properties in Philadelphia, Pennsylvania.

4. On December 27, 2023, the Debtor entered into various loan and mortgage agreement with AMRES Corporation ("Amres").

5. Amres assigned all of its right, title and interests to Reigo Securitzation Sponsor 2021-1 LLC ("Reigo")

6. Reigo has a security interest in one of the Debtor's property located at 2350 N. 29th Street, Philadelphia PA (the "Property").

7. The security interest includes an assignment of any rental income for the Property (the "Assignment of Rents").

8. Debtor files this emergency motion as a request to use any rents for the use of cash collateral to operate its business of renting and maintaining the Property.

9. Debtor requests an emergency hearing as Debtor must make payments for repairs to the Properties.

   I.   **DEBTOR'S USE OF CASH COLLATERAL IS ESSENTIAL TO THE DEBTOR'S REORGANIZATION**

10. Section 363(c)(2) of the Bankruptcy Code permits a debtor to use cash collateral with either the consent of the secured party or of the court, after notice and a hearing, authorizes such use, sale or lease.  Also, according to Section 363(e) of the Bankruptcy Code, the debtor must adequately protect the secured creditors' interest in the property to be used by a debtor against any diminution in value of such interest resulting from the debtor's use of the property during chapter 11 cases.

11. Reigo's Assignment of Rents impairs the Debtor's cash flow.

12. In its normal course of business, the Debtor incurs obligations to independent contractors, vendors and another lender that retains a second mortgage on the Property. Absent the immediate availability of cash from the collateral held by Reigo, the Debtor would not have the funds to conduct its business. Moreover, the Debtor would not have the cash necessary to pay an appraiser to determine the real amount of the Property.

13. Simply stated, in order to continue the operation of Debtor's business, and fund a chapter 11 plan, it is necessary for the Debtor to immediately **use cash collateral as of the date of this Motion.**

14. The Property contains three rental units but only two units are rented, hereinafter referred to as Unit A and Unit B.

15. The rents for Unit A were collected for September, October, November and December for a total amount collected of $6,000.

16. The rents for Unit B were collected for October and November for a total amount collected of $1,500.

17. The Debtor had to pay for a major plumbing repair and used the rental income to make these emergency repairs sometime in November in the amount of $1,350.

18. No other rental income has been spent by the Debtor except for the plumbing repair.

19. The Debtor proposes that Reigo is adequately protected by its first position lien on post-bankruptcy receivables and the Property.

20. Debtor believes that the request to use cash collateral is proper, reasonable and necessary to continue Debtor's operations.

21. To maintain Debtor's operations, Debtor requires the use of cash collateral for the

payment of monthly expenses as more specifically set forth on a projected cash flow to be filed with this motion. The Debtor is submitting a rent roll for all three of its properties to show the projected income to all three of Debtor's properties. Debtor has a two new tenants taking possession of one of the units in 2352 N. 29th Street.

22. The Debtor will be able to not only maintain the status quo, but also facilitate a successful reorganization with the use of cash collateral.

23. Indeed, unless the Debtor can continue to operate, it will be unable to reorganize, to the detriment of its creditors.

24. Approval of the Debtor's request to use cash collateral is in the best interests of the Debtor and creditors of the estate.

25. Debtor has concurrently served counsel for Reigo and the Office of the United States Trustee with this Motion.

### REQUEST FOR EXPEDITED CONSIDERATION

26. Notice of this Motion was given via electronic mail to the United States Trustee, counsel for all secured lenders, and all parties in interest. Debtor will serve notice by regular mail on the Top 20 Unsecured Creditors, if any, and any parties not on the Court's service list. Debtor submits that no other notice need be given in light of the exigencies of the circumstances and the irreparable harm to the Debtor, its estate and all parties in interest that would ensure if the relief requested herein is not granted.

27. No previous request for the relief sought herein has been made to this or any other Court.

28. Debtor respectfully requests that this Court enter an order granting an expedited hearing to occur as soon as possible.

29. Debtor's counsel has e-mailed the Office of the U.S. Trustee, who has not yet responded to a request for an expedited hearing.

30. Debtor's counsel has also e-mailed counsel for Reigo but counsel has not yet responded to the Debtor's request for an expedited hearing.

WHEREFORE, the Debtor prays this Court to:

    a.  Enter an Order in the form attached hereto for use of cash collateral and for such other and further relief as this Court deems just.

    ***/s/ Maggie S. Soboleski***
    Maggie S. Soboleski, Esquire
    Center City Law Offices, LLC
    Proposed Counsel to the Debtor