IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| ASN INVESTMENTS, LLC | : | |
| | : | |
| | : | |
| Debtor. | : | Case No. 25-14054 (DJB) |

**PROPOSED ORDER ON
DEBTOR'S JOINT MOTION FOR ORDER (a) AN ORDER TO PERMIT USE OF CASH COLLATERAL; (b) PROVIDE ADEQUATE PROTECTION TO PARTIES WITH INTEREST IN CASH COLLATERAL; and (c) PERMIT TURNOVER OF CASH COLLATERAL TO THE DEBTOR**

**AND**

**(e) REQUEST FOR AN EXPEDITED HEARING ON SUCH MOTION**

**AND NOW,** this _____ day of _____, 2025, upon consideration of Debtor's motion it is hereby:

ORDERED that the Court finds that the Debtor is (a) Permitted to the Use of Cash Collateral; (b) May Provide Adequate Protection to Parties with Interest in Cash Collateral; (c) Permit Turnover of Cash Collateral to Debtor; and (d); Request for an Expedited Hearing on such Motion; after notice and a hearing, it appearing that the Debtor having requested cash collateral on an interim and final basis, and the Court having determined that:

1. the ability of the Debtor to remain as a viable entity and to reorganize under chapter 11 depends upon its' obtaining the requested use of cash collateral;

2. the relief requested in the Motion is necessary, essential and appropriate for the continued operation of the Debtor's business and the management and preservation of its property without which, Debtor will be unable to pay wages, executory contracts and meet other current and immediate operating expenses;

3. sufficient and adequate notice of this Motion, the requested Expedited Hearing with respect thereto and the terms of the proposed use of cash collateral pursuant to Bankruptcy Rules 3002, 4001(c) and 4001(d) and Section 102(l) of the Bankruptcy Code, and that no further notice of, or hearing on, the relief herein is required;

4. An expedited hearing on the Motion, pursuant to Bankruptcy Rule 4001(c)(2) is necessary to avoid immediate and irreparable harm to the estate because time is of the essence for the Debtor to continue operating its business and preserve its going concern value in a highly competitive market.  If the Debtor is unable to use cash collateral to continue the operation of its business, it is likely that any prospect for Debtor's reorganization will be extinguished, thus resulting in immediate and irreparable harm to the Debtor, the estate and all other creditors for whom no other source of recovery is available;

**HENCE, IT IS HEREBY ORDERED** that the Debtor's Use of Cash Collateral is hereby approved subject to the terms of this Order, through _____, 2026, and limited to the amounts listed in **Exhibit B;**

**IT IS FURTHER ORDERED:**

5. that as adequate protection for, but only to the extent of any diminution in the aggregate value of their interest as of the Petition Date in any collateral resulting from the use of the Cash Collateral pursuant to 11 U.S.C. §363(c), creditor Reigo is hereby granted valid, perfected liens and enforceable post-petition replacement security interests in all post-petition accounts receivables (the "Replacement Liens"), only to the extent the Debtor is unable to avoid such liens;

6. that the Debtor shall provide Reigo proof of insurance and maintain insurance on the business and the property subject to the UCC Lien;

7. that the Debtor shall file all monthly operating reports with the Court on a timely basis;

8. that post-petition payroll shall be funded in the gross amount including all payroll taxes and employee benefits, if any;

9. Debtor's Notice of Officer Compensation, if any; and any payments made thereunder are subject to any claw-back remedies available to creditors, interested parties and the Office of the United States Trustees;

10. That this Order shall terminate on _____ 2026 unless further extended by the parties; and

11. A further hearing on the use of cash collateral is scheduled for _____, 2026 at _____ am/pm;

12. Notwithstanding the foregoing, this ORDER shall terminate immediately and automatically upon the concurrence of the following:

    a. Entry of an order dismissing or converting the Debtor's chapter 11 case to a chapter 7 case;

    b. Expiration of the term hereunder;

    c. Failure to comply with the terms of this Order.

BY THE COURT:

_____
THE HONORABLE DEREK J. BAKER
UNITED STATES BANKRUPTCY JUDGE